UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

_____ FILED    _____ ENTERED
_____ LOGGED    _____ RECEIVED

OCT - 4 2024

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

**Print clearly and legibly the following information:**

Khalid Shamsud'Diyn
_____

_____
Print the full name of plaintiff.

Case No. _____
(Include case number if one has been
assigned, otherwise leave blank.)

-against-

Maryland Department of Public Safety;
Carolyn J. Scruggs, Secretary;
Christina Lentz, Deputy Secretary;
Annie D. Harvey, Deputy Secretary;

Print the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section 4.

**COMPLAINT**
(Prisoner)

* See attached pages
for additional defen-
dants *

## 1. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known.
This form is designed primarily for prisoners challenging the
constitutionality of their conditions of confinement; those
claims are often brought under 42 U.S.C. § 1983 (against
state, county, or municipal defendants) or in a *Bivens*
action (against federal defendants).

☒ Violation of my federal constitutional rights

☒ Other: ADA Title II and Section
504 of the Rehabilita-
tion Act

## 2.  PLAINTIFF INFORMATION

Plaintiff must provide the following information. Attach additional pages if necessary.

_Khalid_                                    _Shamsud'Diya_
First Name            Middle Initial        Last Name

_My name was legally corrected during 1985 via court Order_
_from Kenneth Tyrone Ruffin_

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_Maryland ID # 190358  and 330816_
_United States Federal Register 11039-016_

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number under which you were held)

_North Branch Correctional Institution_
Current Place of Detention

_14100 McMullen Highway, S.W._
Institutional Address

_Cumberland,_            _Maryland_            _21502-5777_
County, City            State                Zip Code

## 3.  PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☒ Convicted and sentenced prisoner
☐ Immigration detainee
☐ Civilly committed detainee
☐ Other: _____

## 4.  DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to the list of defendants in the case caption at the top of page 1 of this complaint form.

**Attach additional pages as necessary.**

Defendant 1:  _Maryland Department of Public Safety_
               First Name         Last Name         Badge #

2

Public Entity

Current Job Title (or other identifying information)

300 East Joppa Road

Current Work Address

Towson,          Maryland          21286-3020

County, City          State          Zip Code

Defendant 2:     Carolyn J.     Scruggs

First Name          Last Name          Badge #

Secretary, Department of Public Safety

Current Job Title (or other identifying information)

300 East Joppa Road, Suite 1000

Current Work Address

Towson,          Maryland          21286-3020

County, City          State          Zip Code

Defendant 3:     Christina     Lentz

First Name          Last Name          Badge #

Deputy Secretary, Department of Public Safety

Current Job Title (or other identifying information)

Unknown

Current Work Address

Maryland

County, City          State          Zip Code

Defendant 4:     Annie     D.     Harvey

First Name          Last Name          Badge #

Deputy Secretary, Department of Public Safety

Current Job Title (or other identifying information)

Unknown

Current Work Address

Maryland

County, City          State          Zip Code

Defendant 5:  Angelina Guarino
             Assistant Secretary, Department of Pub. Safety
             Address unknown

Defendant 6:  Renard E. Brooks
             Assistant Secretary, Department of Pub. Safety
             Address unknown

Defendant 7:  Michele C. Gardner
             Department ADA Coordinator, Dept. Pub. Safety
             6776 Reisterstown Road, Suite 214
             Baltimore, Maryland 21215

Defendant 8:  J. Philip Morgan
             Commissioner of Correction
             6776 Reisterstown Road, Suite 310
             Baltimore, Maryland 21215

Defendant 9:  Jeff   Nines
             Unknown Current Job Title
             Unknown Address

Defendant 10:  Ronald Shane Weber
             Warden, Western Correctional Institution
             13800 McMullen Highway, S.W.
             Cumberland, Maryland 21502

             — Continued on attached Page 3b —
             (continued on page 3b)✗

page 3a

Defendant 11:    Bradley O. Butler
                 Assistant Warden - ADA Coordinator
                 13800 McMullen Highway, S.W.
                 Cumberland, Maryland 21502

Defendant 12:    C. Jones
                 Captain, Western Correctional Inst.
                 13800 McMullen Highway, S.W.
                 Cumberland, Maryland 21502

Defendant 13:    Donald Gulick
                 Lieutenant/Transportation Supervisor
                 Western Correctional Institution
                 13800 McMullen Highway, S.W.
                 Cumberland, Maryland 21502

~~Defendant 14: Unassigned~~

## JURY TRIAL DEMANDED

## "VERIFIED" COMPLAINT FOR DAMAGES and for INJUNCTIVE RELIEF

Introduction:

   This is a Section 1983 action filed in propria persona by Plaintiff, Khalid Shamsud-Diyn, a state prisoner, alleging inter alia, violations of his constitutional rights to receive medically

prescribed treatment and failure to follow po-
licies. In this regard, injunctive relief and mo-
netary damages are sought. Plaintiff also
seeks an injunction and damages pursuant to
the Americans with Disabilities Act and the
Rehabilitation Act. Declaratory judgment is
also respectfully requested as to each defend-
ant. A jury trial is also demanded, along
with compensatory relief and other damages.
Because the complaint asserts conduct that
violates the ADA and Constitution of the
United States, damages claims are sought
against the Maryland Department of Public
Safety and Correctional Services — a public
entity and the defendants [ in their official
capacities ] in addition to constitutional
damages claims under Section 1983 [ in
their personal capacities ].

Plaintiff Shamsud'Diyn is not alleging a denial
of medical treatment, or a denial of services based
on the decision making of medical providers. To
the contrary, Plaintiff Shamsud'Diyn was ordered
by his medical providers to have access to a
wheelchair, which was denied by Defendant
Gulick. Plaintiff Shamsud'Diyn was not de-
nied medical treatment, but rather the rea-
sonable accommodation of access to a wheel-
chair for his journey to another prison, the
courthouse, and back again.

5.    **STATEMENT OF CLAIM**

- Where did the events take place?

  Name of institution        Western Correctional Institution

  Location in the institution    13800 McMullen Highway, S.W.
  Cumberland, Maryland 21502

  If outside an institution, state where _____

  _____

- When did the events take place?

  Month, date, year        January 09, 2023

  _____

  Time of day        Approximately 6:00/am

  _____

- State here briefly the FACTS that support your case. Describe

  1. what happened,

  2. how you were harmed, and

  3. how each defendant that you named took wrongful action that caused you harm.

  **Attach additional pages as necessary.**

1.    On 09 January 2023, Corporal Lawrence advised the plaintiff (herein referred to as "Plaintiff Shamsud'Diyn") that he would be transported to the Receiving & Discharge department, so as to go on a court trip. Plaintiff Shamsud'Diyn was wheelchaired to Receiving & Discharge due to the medical order in place for the use of a wheelchair "whenever out of the housing unit", per Nurse Practitioner Janette Clark.

2.    Upon arrival at Receiving & Discharge, Defendant Gulick rejected Plaintiff Shamsud'Diyn's

4

* Continued on page 4a *

medical documentation for wheelchair usage, in which Defendant Gulick never returned unto Plaintiff Shamsud'Diyn along with confiscation of the wheelchair. Defendant Gulick stated that Plaintiff Shamsud'Diyn "would not be transported in a wheelchair nor wheelchair accessible vehicle", and instructed Corporal Strangford and another officer (who failed to provide his name), to transport Petitioner Shamsud'Diyn to the Maryland Correctional Training Center.

3.    Upon my return from court, a timely Administrative Remedy complaint was submitted, outlining the contentions, supra.

4.    Defendant Butler responded and denied the complaint on the basis that Plaintiff Shamsud'Diyn "currently do not have a valid order for a wheelchair or to be transported in a wheelchair accessible van" despite a copy of the medical order being attached to the Administrative Remedy complaint.

5.    A timely appeal was perfected unto the Commissioner, whereby decrying the dismissal of the complaint by Defendant Butler.

            — Continued on page 4b —

6.    Defendant Nines – acting on behalf of Defendant Morgan (the Commissioner) – responded and denied the appeal, stating that the appeal had been "investigated" and that the "remedies requested will not be granted."

7.    A timely appeal was perfected to the Inmate Grievance Office (IGO).

8.    The Deputy Director (viz. Robin Woolford) made a return to the IGO appeal with a determination that "a copy of the medical order is necessary in order to properly determine whether or not the claim is meritorious" by instructing Plaintiff Shamsud'Diyn to "provide a copy of the medical order" within thirty days.

9.    Plaintiff Shamsud'Diyn complied with Deputy Director Woolford's instructions by mailing a copy of the medical order, along with a cover letter in support, requesting compensatory damages, since no other relief was obtainable as a result of the failure on the part of Defendants Morgan; Weber; Butler; and Gulick to provide relief, as well as the expiration of the medical order.

        * Continued on page 4c *

10.    On 25 October 2023, Executive Director F. Todd Taylor, Jr. ("IGO") sent an email to Defendant Butler, stating: "He has filed a grievance with our office (IGO# 20230615) in ARP WCI-0054-23. He alleges he was not allowed to use his wheelchair when he was transported to MCTC from WCI for a court hearing, in violation of policy. He adds the refusal was a violation of ADA. The basis of the denial was that Khalid did not have a medical order for the use of a wheelchair; however, he did and he included it with his grievance with us. I have attached it to this email. My question is what is your suggestion on how to proceed? It is clear he was improperly denied the use of the wheelchair..."

11.    Despite the alert, supra, by Executive Director F. Todd Taylor, Jr., Defendant Butler responded with an avalanche of contradictions in juxtaposition with his earlier denial of the complaint, as opposed to any cooperative efforts at resolving "how to proceed" to settle the complaint.

12.    Executive Director F. Todd Taylor, Jr. sent Plaintiff Shamsud'Diyn a litany of detailed

* Continued on page 4d *

documents, consisting of: "Preliminary Review; Summary of Grievance; Division of Correction response; Referral"; as well as "Rules of Procedure for Grievance Hearings."

13.    Subsequently, Stevi Ambrose (Administrative Officer II) ("IGO") presented Plaintiff Shamsud'Diyn with a "Notice of Hearing" before an Administrative Law Judge of the Office of Administrative Hearings, to be held on 06 February 2024.

14.    On Tuesday, 06 February 2024, Plaintiff Shamsud'Diyn attended the aforementioned Hearing, with ALJ Leibensperger presiding, wherein the ALJ stated that he "would render a decision within ninety days."

15.    On 20 September 2024, Plaintiff Shamsud'Diyn received a scathing "Proposed Decision" from ALJ Leibensperger, in which Defendant Scruggs "AFFIRMED IN PART and REVERSED IN PART the proposed order of the Administrative Law Judge." The "Proposed Order" recommended payment of nominal damages totalling $100.00 to Plaintiff Shamsud'Diyn, and that a copy of the Order be sent to the ADA Coordinator

    * Continued on page 4e *

for the Maryland Department of Public Safety and Correctional Services, while REVERSING the remaining portions that Plaintiff Shamsud'Diyn be awarded $500.⁰⁰ in punitive damages and that Defendant Gulick be referred to DOC for a formal reprimand. Defendant Scruggs stated that "given the purpose of punitive damages and the wrongdoing alleged to have been committed by [Defendant] Gulick, funding is neither available nor appropriate to pay for the acts he committed" and that "even if the conduct of [Defendant] Gulick were so egregious as to amount to warrant punitive damages, it is not appropriate for the DPSCS to pay for the allegedly unjustified actions of this officer." Defendant Scruggs further stated, inter alia, that "the appointing authority is prohibited from bringing charges recommending imposition of disciplinary sanctions more than ninety days after acquiring knowledge of the action that could give rise to the discipline." Hence, the plaintiff is left not whole.

## EXHAUSTION OF AVAILABLE ADMINISTRATIVE REMEDIES

Paragraphs 3-15 illustrates an "exhaus-

✱ Continued on page 4f ✱

tion of available remedies" prior to the filing
of this complaint.

## CLAIMS FOR RELIEF

A.  Denial and Interference with Medical Judgment
and Order by Factors Unrelated to Plaintiff
Shamsud'Diyn's Medical Needs Which Resulted
in Deliberate Indifference

1.  The failure on the part of Defendant Gulick
to honor the medical order presented unto him
violated Plaintiff Shamsud'Diyn's constitutional
right under the Eighth Amendment to be free
from deliberate indifference to his health and
safety in that the failure by Defendant Gu-
lick to carry out the medical order for the
use of the wheelchair constitutes intention-
ally interfering with treatment once prescribed.

2.  Defendant Gulick was not adhering to po-
licy when he excluded Plaintiff Shamsud'Diyn
from access to facility services, programs, and
activities and by subjecting Plaintiff Shamsud'Diyn
to disability discrimination when respecting
Plaintiff Shamsud'Diyn's disabilities would not
have 1) fundamentally altered the nature,

page 4f                    * Continued on page 4g *

service, program or activity" requested, and 2.) the request did not "pose any direct threats of substantial harm to the health and safety of Plaintiff Shamsud'Diyn, when he requested the accommodations. This is deliberate indifference as well as breach of the laws and policies regarding this factual allegation.

3.    Defendants Gulick and Butler failed to follow policy when they failed to "make reasonable modifications in policies, practices, or procedures [under the ADA] when such are necessary to circumvent discrimination on the basis of disability", thus giving rise to deliberate indifference to Plaintiff Shamsud'Diyn's health and safety.

4.    Defendants Gulick and Butler were not following policy when they failed to place the Maryland Correctional Training Center ("MCTC") on notice with respect to Plaintiff Shamsud'Diyn's disabilities requiring that "employees at intake/receiving facilities ("MCTC" for example) be notified that an inmate with a disability is being transferred as well as advised of the services to be provided for the inmate disability." Had this aspect of the policy

* Continued on page 4h *

been followed, Plaintiff Shamsud'Diyn would have held reasonable expectations of the wheelchair being provided for him upon arrival at MCTC. The Transportation Supervisor (viz. Captain Covington) at MCTC expressed an unawareness as to disability notifications on my behalf in the Offender Case Management System ("OCMS"). These factual allegations resulted in deliberate indifference.

5.  Defendant Nines committed the constitutional fault of deliberate indifference by denying the complaint on behalf of Defendant Morgan in that Defendant Nines failed to correct the violations complained of when he had the opportunity to do such, in the face of the posture and evidence in the complaint. A supervisor who learns of a constitutional violation through a report or appeal may be held liable for failing to correct the violation.

6.  Defendants Morgan and Weber became liable for constitutional faults when they failed to correct the violations complained of during their supervisory responsibilities. A supervisor who learns of a constitutional violation via

page 4h                   * Continued on page 4i *

report or appeal may be held liable for failure to correct the violation.

7.    Defendant Gardner is the Department ADA Co-ordinator and "shall be responsible for ensuring that qualified individuals with a disability who are located within all Department Correc-tional Facilities ... have an equal opportuni-ty to participate in such activities." Because of the failure on the part of Defendant Gard-ner to "ensure" Plaintiff Shamsud'Diyn "an equal opportunity to participate" in such activities, there is deliberate indifference.

8.    Defendant Gardner's failure to 1) identify and resolve issues of discrimination, unequal access, and retaliation, and 2) collect data regarding accommodations made on behalf of Plaintiff Shamsud'Diyn and other qualified individuals with disabilities — deliberate in-difference occurred.

9.    Defendant Gardner is responsible for over-sight of investigations into complaints alleging non-compliance with the ADA, Title II, or De-partment policy — including approval of any fi-nal denial of a request for accommodation un-

                      * Continued on page 4j *

der Department Directives or any other Department policy germane to providing guidance and oversight in the administration of ADA Title II responsibilities to Facility ADA Coordinators, such as Defendant Butler. The failure on the part of Defendant Gardner to carry out the duties articulated, supra, and throughout the body of the complaint at the institutional level illustrates deliberate indifference, especially in the face of the requested relief thereto, to have Defendant Gardner placed on notice regarding the violations complained of and the requested accommodations. Since Defendant Gardner is responsible for the "final denial" of the wheelchair is a deliberate indifference and constitutional fault.

10.    Defendants Lentz (Administration) and Harvey (Operations) are Deputy Secretaries. In their official capacities, they "shall ensure that designated employees are properly trained in the Department's obligations." Because of the failure on the part of Defendants Lentz and Harvey to ensure designated employees are "properly trained", deliberate indifference resulted.

* Continued on page 4k *

11.    Defendants Guarino (Data, Policy and Grants) and Brooks (Programs, Treatment & Reentry Services) are Assistant Secretaries and are also responsible for ensuring that designated employees are "properly trained" under the Department Directive and ADA. Because of a failure on the part of these Defendants to "ensure" proper training, a constitutional fault resulted in deliberate indifference.

12.    Defendant Scruggs oversees the Department of Public Safety and Correctional Services, and in this capacity, manages approximately ten-thousand employees and over a one billion and a half dollar budget — including but not limited to coordination efforts between Defendant Gardner's Department and other Maryland Political bodies in terms of day-to-day operations at Department Facilities and meetings with the Governor's office and other cabinet members. As such, Defendant Scruggs is accountable for her cabinet, which includes Defendant Gardner, who is appointed by the Office of the Secretary of the DPSCS, in which deliberate indifference is alleged.

    * Continued on page 4L *

13.     The Maryland Department of Public Safety and Correctional Services is a public entity overseen by Defendant Scruggs. Under Title 42 U.S.C., Section 12132, a "public entity" includes any department, agency, special purpose district, or other instrumentality of a state or local government, under Section 504 of the Rehabilitation Act.

14.     Defendant Butler is the Assistant Warden and ADA Facility Coordinator at WCI in that a full-time Department employee designated by Defendant Weber to coordinate a Department correctional facility's activities and responsibilities under the ADA Title II and Department Directive DPSCS.200.0007.

15.     Defendant Weber is the warden at WCI designated by Defendant Morgan.

16.     Defendant Morgan is the Commissioner of Correction overseeing Maryland prisons. Defendant Morgan is presumably designated by the Office of Defendant Scruggs.

17.     Defendant Jones is a captain at WCI, and little else is known regarding his official

✳ Continued on page 4m ✳

capacities. Captain/Defendant Jones gave conflicting statements regarding his investigation into the wheelchair complaint, and but for such a conflicting account, the outcome may have been different, instead of deliberate indifference.

18.     Defendant Gulick was the transportation Supervisor at WCI during the time and facts leading to this complaint.

19.     The failure to follow/enforce policies where doing such was critical to Plaintiff Shamsud'Diyn's safety and health rose to the level of deliberate indifference, when supervisor Defendants failed to ensure that their subordinates followed established policies.

20.     All of the Defendants have failed to follow policies, in violation of Plaintiff Shamsud'Diyn's constitutional rights and the Accardi Doctrine regarding Administrative Agencies being obliged to follow its own policies.

21.     Plaintiff Shamsud'Diyn, at all times germane, was confined in the custody of the Maryland Department of Public Safety and Correctional Services at the Western Correctional Institution.

page 4m                          ✱ Continued on page 5 ✱

22.    Plaintiff Shamsud'Diyn alleges two violations of law, and one violation of policy, as the basis for this Complaint. Namely, Plaintiff Shamsud'Diyn alleges that the decision to deprive him of access to a medically prescribed wheelchair was deliberately indifferent to his medical needs and, therefore, a violation of the Eighth Amendment's prohibition against cruel and unusual punishment under the law. Plaintiff Shamsud'Diyn also alleges that the deprivation of access to a wheelchair subjected him to discrimination under the ADA. Lastly, Plaintiff Shamsud'Diyn alleges that the decision to deprive him of access to a wheelchair violated DOC Directive DPSCS. 200.0007, which incorporates ADA prohibition against discrimination.

**6.    INJURIES:**

If you were injured as a result of these actions, describe your injuries. Also state if you needed medical treatment and if you received it.

Although Plaintiff suffered no physical injuries, he did suffer such other injuries in that mental and emotional distress; embarrassment, credibility of reputation, and personal humiliation, anguish mentally, as well as suffering in consequence of the denial of wheelchair accessibility.

**7.    RELIEF:**

State briefly what money damages or other relief you want the court to order.

Declaratory Judgement as to all defendants; Compensatory Damages as to all defendants; Punitive Damages as to all defendants; and, Such other, further, and necessary relief deemed appropriate, in the interest of justice, fundamental fairness, and judicial economy.

5

## 8.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

- I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases, and be required to make prepayment of the filing fee before my complaint can go forward in the court.

- I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

**Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, plaintiff must also submit an IFP application.**

01 October 2024
Date

Khalid Shamsud'Diyn
Plaintiff's Signature

Khalid                    Shamsud'Diyn
First Name        Middle Initial        Last Name

14100 McMullen Highway, S.W.
Prison Address

Cumberland,        Maryland        21502-5777
County, City        State        Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:  01 October 2024

6