**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **KHALID SHAMSUD'DIYN,** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | **Civ. No.: MJM-24-2903** |
| **v.** | * | |
| | * | |
| **DEPARTMENT OF PUBLIC SAFETY, *et al.,*** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Self-represented plaintiff Khalid Shamsud'Diyn initiated this civil rights action by filing a complaint pursuant to 42 U.S.C. § 1983 against the Maryland Department of Public Safety and Correctional Services ("DPSCS"), DPSCS Secretary Carolyn J. Scruggs, Deputy Secretary Christina Lentz, Deputy Secretary Annie D. Harvey, Assistant Secretary Angelina Guarino, Assistant Secretary Renard E. Brooks, Americans with Disabilities Act ("ADA") Coordinator Michele C. Gardner, Commissioner of Correction J. Philip Morgan, Assistant Commissioner of Corrections Jeff Nines, Warden Ronald Shane Weber, Assistant Warden Bradley O. Butler, Captain Calvin Jones, and Lieutenant Donald Gulick[1] (collectively, "Defendants").    ECF No. 1. Shamsud'Diyn filed a Motion for Appointment of Counsel, which is unopposed.  ECF No. 14. Defendants filed a Motion to Dismiss, or in the Alternative, for Summary Judgment in response to the claims against them.[2] ECF No. 18.  Shamsud'Diyn has opposed the motion and filed a Motion

---

[1] The Clerk will be directed to amend the docket to reflect the full and correct spelling of Defendants' names.

[2] Defendants also filed a Motion to Seal Exhibit A.  ECF No. 20.  Exhibit A consists of Shamsud'Diyn's medical records in support of Defendants' dispositive motion.  ECF No. 19.  The sealing motion is unopposed and shall be granted.

to Appoint Counsel. ECF Nos. 14 & 23. Defendants filed a reply in support of their motion. ECF No. 24. The issues have been fully briefed. The Court finds no need for a hearing in this matter. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, Shamsud'Diyn's Motion to Appoint Counsel shall be granted and Defendants' dispositive motion denied without prejudice.

## I.    BACKGROUND

At the time relevant to this Complaint, Shamsud'Diyn was a Maryland inmate in the custody of DPSCS and housed at Western Correctional Institution ("WCI"). On November 20, 2022, he was seen by Nurse Practitioner ("NP") Janette Clark for a scheduled medical provider visit. ECF No. 18-2 at 2–7. NP Clark noted that Shamsud'Diyn walked with a "smooth steady gait, cuffed behind his back." *Id*. at 2. He was able to get on and off the examination table without difficulty, while handcuffed. *Id*. Shamsud'Diyn's medical history was reviewed, which noted that, while he was blind in his left eye and had low vision in his right, he was able to "navigate surroundings and movement well without need of walking cane for visual impairment." *Id*. Additionally, it was noted that Shamsud'Diyn had surgery on his right ankle in 2020 and thereafter had been prescribed a short CAM walker boot for short term walking. *Id*. NP Clark found that there was no further indication for the walking boot and Shamsud'Diyn did not need assistive devices for ambulation. *Id*. at 3. Additionally, NP Clark noted that Shamsud'Diyn had been approved for elective surgery regarding a venal hernia, and they were awaiting that appointment. *Id*. NP Clark noted that she would order an abdominal binder and that Shamsud'Diyn's use of a back brace would be discontinued. *Id*. She further noted that she would direct Shamsud'Diyn be assigned to a bottom bunk and lower tier and a "[w]heel chair for distance when out of HU due to pending hernia repair x 4 months." *Id*. Shamsud'Diyn was not provided his own wheelchair; there is no indication in the record that Shamsud'Diyn was confined to a wheelchair. *Id*. The day of his

2

examination, a medical alert was signed that indicated, among other things, "hernia-wheelchair when out of HU." ECF No. 23-4 at 15.

On January 9, 2023, Corporal Lawrence told Shamsud'Diyn that he was to be transported for a court appearance. ECF No. 1 at 7. Shamsud'Diyn was taken to receiving and discharge via wheelchair. *Id*. When Shamsud'Diyn arrived for transport, defendant Lieutenant Donald Gulick rejected his medical order and refused to transport Shamsud'Diyn to Maryland Correctional Training Center ("MCTC") with the wheelchair or in a wheelchair accessible van. *Id*. at 8. Lieutenant Gulick also refused to return Shamsud'Diyn's medical order to him. *Id*. When he returned to WCI, Shamsud'Diyn was transported to his cell in a wheelchair. *Id*.

Shamsud'Diyn filed an administrative remedy procedure grievance ("ARP"). Defendant Warden Bradley Butler denied the ARP, finding that Shamsud'Diyn did not have a valid order for use of wheelchair or to be transported in a wheelchair accessible van. ECF No. 1 at 8. Defendant Jeff Nines, Assistant Commissioner of Corrections, rejected Shamsud'Diyn's appeal of the denial. *Id*. at 9. Inmate Grievance Office Director Taylor, in reviewing Shamsud'Diyn's appeal, found that, at the time of Shasud'Diyn's transport to MCTC, he did have a valid medical order for use of a wheelchair which he was denied. *Id*. at 10. Ultimately, Shamsud'Diyn's grievance was heard by an Administrative Law Judge ("ALJ") who found that his rights under the Eighth Amendment and ADA were violated. *Id*. at 11; *see also* ECF No. 23-3. On September 20, 2024, Defendant DPSCS Secretary Carolyn Scruggs issued a proposed decision affirming in part and reversing in part the decision of the ALJ; the reversal concerned the remedies awarded by the ALJ. *Id*.

Shamsud'Diyn brings this civil action pursuant to 42 U.S.C. § 1983, Title II of the ADA, and Section 504 of the Rehabilitation Act. ECF No. 1 at 6. He alleges that DPSCS officials were deliberately indifferent to his medical needs in depriving him of access to a wheelchair and thereby

3

violated Eighth Amendment's prohibition against cruel and unusual punishment. *Id.* at 21. Shamsud'Diyn further asserts that the deprivation of a wheelchair subjected him to unlawful discrimination under the ADA and violated DPSCS policy. *Id.* He seeks a declaratory judgment, compensatory damages, and punitive damages. *Id.*

## II.    DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

As permitted by Federal Rule of Civil Procedure 12(d), Defendants seek dismissal of this action pursuant to Rule 12(b)(6) or, in the alternative, summary judgment pursuant to Rule 56, and submit documents in support of their motion. ECF Nos. 18, 18-2. Summary judgment typically is not granted "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448–49 (4th Cir. 2011). However, "where matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment" under Rule 12(d) as long as all parties "have a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Here, after receipt of Defendants' motion, the Clerk of this Court mailed a Rule 12/56 notice to Shamsud'Diyn, alerting him to potential consequences of a failure to respond to Defendants' motion. ECF No. 21. Shamsud'Diyn submitted filings captioned as or referencing his opposition to Defendants' motion and attached exhibits to his filings. ECF Nos. 22, 23, 23-1, 23-2, 23-3, 23-4, 23-5. However, in his response in opposition to Defendants' motion, Shamsud'Diyn included a request for discovery under Federal Rule of Civil Procedure 56(d). ECF No. 23-5. In his verified request, he states that he needs discovery to justify his opposition to Defendants' motion. *Id.* at 2. He asserts that, without discovery, he is unable to test the accuracy or completeness of the facts presented and relied upon by Defendants. *Id.* at 3. He also argues that, in order to prove his claim of deliberate indifference, he must describe the state of mind of

Defendants and he cannot do so without taking their depositions. *Id*. at 4. Additionally, in his view, depositions of other unidentified individuals, including witnesses to the events complained of, would also aid in his opposition to Defendants' motion. *Id*.  The Fourth Circuit has emphasized that discovery is "broadly favored" in advance of reaching summary judgment, and district courts are to afford pro se plaintiffs leniency in regard to the requirements of Rule 56(d).  *Farabee v. Gardella*, 131 F.4th 185, 193–95 (4th Cir. 2025).

Shamsud'Diyn has not had an opportunity to properly evaluate the credibility or completeness of Defendants' statement of facts. To establish deliberate indifference and disability discrimination, Shamsud'Diyn needs discovery to explore the mind state and knowledge of certain Defendants and the extent of any Defendant's knowledge of Shamsud'Diyn's health issues, his need for a wheelchair, and the status of his medical order for use of a wheelchair. Shamsud'Diyn seeks to depose correctional staff and inmates regarding these issues and the events surrounding the denial of a wheelchair during his transportation.  Shamsud'Diyn alleges that Defendants had roles in the review of his need of a wheelchair during transport and in the investigation of his grievances.  While the Court has been furnished with some information concerning Shamsud'Diyn's medical order, Defendants have not provided the Court with the actual medical order or affidavits from any of the officers involved in denying Shamsud'Diyn a wheelchair for his transport to MCTC.  Therefore, it is not possible for the Court to determine the role of each Defendant and their subjective knowledge as it relates to the claims asserted in Shamsud'Diyn's Complaint. In short, Shamsud'Diyn is entitled to explore these topics in discovery.

Finally, to the extent that other individuals may be responsible for the denial of a wheelchair to Shamsud'Diyn, discovery will allow Shamsud'Diyn the ability to determine the identity of these individuals and to request leave to amend his pleading, if warranted.

Shamsud'Diyn has reasonably articulated the reasons that he needs discovery and that discovery will assist him in disputing Defendants' contentions. In light of the foregoing, Defendants' dispositive motion shall be denied without prejudice.

### III. PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Shamsud'Diyn's Motion for Appointment of Counsel (ECF No. 14) is granted. In his first request, Shamsud'Diyn states that he is not able to afford counsel and his imprisonment will limit his ability to litigate his claims. ECF No. 14. He states that a trial will involve conflicting testimony, and counsel would be better able to present evidence and examine witnesses. *Id*. Additionally, he has endeavored to retain counsel but has been unsuccessful. *Id*. He also explains he has been limited in access to the law library and that he wishes to take depositions to discover evidence regarding Defendants' state of mind relevant to his claims. *Id*.

There is no absolute right to appointment of counsel in a civil case. *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel); *Jenkins v. Woodard,* 109 F.4th 242, 247 (4th Cir. 2024) ("[A] district court must conduct a fact specific, two-part inquiry to assess whether a case presents exceptional circumstances before it decides whether to appoint counsel" including "whether the plaintiff has a colorable claim" and "considering the

claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff lacks the capacity to present it." (internal quotations omitted)).

Shamsud'Diyn presents a colorable claim; thus, this Court must consider whether, given "the claim's objective complexity and the plaintiff's subjective abilities," Shamsud'Diyn "lacks the capacity to present it." *Jenkins*, 109 F.4th at 247. As discussed in Part II above, the Court finds that Shamsud'Diyn is entitled to discovery, and given the likelihood that discovery will include depositions, counsel is necessary to assist him in that process and in the broader presentation of his claims.

## IV.    CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, is DENIED without prejudice, and Plaintiff's Motion for Appointment of Counsel is GRANTED. A separate Order follows.


__3/5/26__                                          _____/S/_____
Date                                                Matthew J. Maddox
                                                    United States District Judge